CENTRAL WAXED PAPER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8014. Promulgated March 15, 1929.

*Andrew T. Smith, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

OPINION.

MILLIKEN: Special assessment is claimed by the petitioner on the ground that the influential character of its stockholders and their willingness to exert that influence in its behalf, without specific compensation therefor, constitutes an abnormality. It is not contended that recourse should be had to section 327 because of inadequate salaries paid during the year to the officers and directors; indeed, counsel for petitioner requested in his proposed findings of fact that we find as a fact, which we have done, that the officers and directors were adequately paid for the amount of time they devoted to the service of petitioner. It is contended that Peabody, Collins, Sullivan, and Harris placed at the disposal of petitioner influence, not time.

Petitioner argues that because the named stockholders and officers placed at its disposal financial, industrial and political influence,

and as a consequence some additional business resulted during the year therefrom, we should conclude that the showing of such a fact is sufficient to meet the test of the statute of a resultant abnormality.

We do not doubt that the influence exerted along the lines stated placed the petitioner in a favorable status to some extent, as concerns the retention of old business, increased business with their then customers, and new business to be obtained. An analysis, however, of the volume of business done during the year 1919 renders it impossible to determine any definite and fixed percentages directly attributable to the stockholders' and directors' efforts and intercessions. Many of their customers during the year, such as the William Wrigley, Jr. Co. and the Schultz Bread Co. were old customers not representing new business and some of their business, as counsel admits, would have been enjoyed in the ordinary course of business quite apart from any influence exerted by the stockholders and directors. But even admitting the postulate upon which counsel for petitioner bases his claim and attributing the entire business done during the year with the Wrigley Co., Schultz Bread Co., Sawyer Biscuit Co. and the Biscuit & Crackers Manufacturers Purchasing Co. as attributable to the influence of the stockholders and directors, and comparing the same with the gross business done during the year, we find the former representing approximately 17 per cent of the latter, which we do not believe causes an abnormality and justifying recourse to section 327 for the computation of the excess-profits-tax liability for the year.

So far as we are informed, the business of petitioner, as concerns the usual and ordinary expenses incurred or paid during the year incident to the earning of its income, such as wages for employees, commissions and salaries to officers for the time actually devoted to the affairs of petitioner, does not differ from that obtaining in the ordinary business concern, and the interest manifested by the stockholders and directors may be regarded as the usual situation obtaining with corporations in general. They had a stockholders' investment to husband and increased earnings would inure as a result of profitable business done. A 20 per cent dividend was declared in the year, not an insignificant return for stockholders. It would be a singular situation, bearing in mind the facts obtaining, if the stockholders and directors had not done as they did in helping and improving the business prosperity of petitioner. Their self-interest should compel such action, even if the general business welfare of the corporation of which they were directors and officers did not. The influence exerted by them does not constitute an abnormality so that the case should be brought under section 327 in order to relieve petitioner of an exceptional hardship.

We are not convinced, aside from its limited application based upon the facts in this case, that the abnormality claimed should be recognized as a ground for special assessment, for the legislative history of sections 327 and 328 of the Revenue Act of 1918, as well as the words of the statute itself, signify an intent of general application so as to endeavor to equalize the burden of excess-profits taxes as between a corporation practicing conservative financing and one indulging in overcapitalization. See sections 327 and 328 and Report No. 767 of the Committee on Ways and Means and Report No. 617 of the Committee on Finance to accompany H. R. 12863 (Revenue Act of 1918).

*Judgment will be entered for the respondent.*